**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Marisa Jane Held fka Marisa J. Mullica<br>Todd Richard Held<br><div align="center">Debtor(s)</div> | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006- HE3, Mortgage Pass-Through Certificates, Series 2006-HE3<br><div align="center">Movant</div><div align="center">vs.</div> | NO. 16-17177 ELF<br><br>11 U.S.C. Section 362 |
| Marisa Jane Held fka Marisa J. Mullica<br>Todd Richard Held<br><div align="center">Debtor(s)</div> | |
| William C. Miller Esq.<br><div align="center">Trustee</div> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$3,666.94,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2017 through February 2018 at $1,753.06/month |
| Suspense Balance: | $1,592.24 |
| **Total Post-Petition Arrears** | **$3,666.94** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on March 1, 2018 and continuing through August 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,753.06** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$611.16 from March 2018 through July 2018 and $611.14 on August 2018** towards the arrearages on or before the last day of each month at the address below;

<div align="center">Specialized Loan Servicing LLC<br>P.O. Box 636007<br>Littleton, Colorado 80163</div>

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 31, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 2/1/18

John L. McClain / Mitchell J. Prine, ESQ.
Attorney for Debtors

Date: 2/13/2018

*without prejudice to any trustee rights or remedies

William C. Miller
Chapter 13 Trustee

NO OBJECTION

**O R D E R**

Approved by the Court this 16th day of February, 2018. However, the court retains discretion regarding entry of any further order.

_____
ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE